IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MELANIE DAVIS, | ) | Case No. 8:18-cv-00101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S BRIEF IN SUPPORT** |
| v. | ) | **OF MOTION TO STRIKE** |
| | ) | |
| AK-SAR-BEN VILLAGE, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, AK-SAR-BEN VILLAGE, L.L.C. (hereinafter, "Defendant"), by and through its undersigned counsel, and pursuant to Ne.Civ.R. 7.1, submits this brief in support of Defendant's Motion to Strike Plaintiff's Reply Brief Regarding Plaintiff's Motion for Evidentiary Hearing and Oral Argument (Document 36) and the Declaration of Melanie Davis (Document 37).

## I. BACKGROUND

Plaintiff filed an Amended Complaint on June 5, 2018. (Document 22.)  On June 19, 2018, Defendant filed a Motion to Dismiss the Amended Complaint, in conjunction with a supporting Brief and Index of Evidence.  (Documents 28 - 30.) On July 10, 2018, Plaintiff thereafter filed a brief in opposition, and submitted no evidence.  (Document 31.)  On that same date, Plaintiff also filed a Motion for Evidentiary Hearing and Oral Argument. (Document 32.) Plaintiff did not include a brief in support of her Motion. On July 17, 2018, Defendant opposed Plaintiff's for Evidentiary Hearing and Oral Argument. (Document 33).  On this same date, Defendant submitted a reply brief in support of Defendant's Motion to Dismiss, in conjunction with an index of evidence.  (Document 34-35.)

1

On July 24, 2018, without obtaining leave of this Court, Plaintiff filed a "reply brief" in support of her Motion for Evidentiary Hearing and Oral Argument.  (Document 36). Plaintiff also submitted a declaration, presumably in support of her Opposition to Defendant's Motion to Dismiss the Amended Complaint, although there is no clear indication to which motion the declaration relates. (Document 37).

## I. ARGUMENT

The Defendant requests that this Court strike both the Plaintiff's "Reply Brief" Regarding Plaintiff's Motion for Evidentiary Hearing and Oral Argument and the Declaration of Melanie Davis for failure to comply with the relevant subsections of Ne.Civ.R. 7.1 and because these filings are redundant and not based on any newly raised issues before this Court.

 First, with respect to her Motion for Evidentiary Hearing and Oral Argument, Plaintiff did not file a supporting brief.  Plaintiff instead waited until seven (7) days after Defendant's filed its reply brief in support of their Motion to Dismiss to file a brief, in addition to a declaration, which appears to be underlined unrelated to Plaintiff's request for an Evidentiary Hearing and Oral Argument.  Ne.Civ.R. 7.1(c). clearly states: "**If the moving party does not file an initial brief, it may not file a reply brief without the court's leave**."  With respect to requests for oral argument or evidentiary hearings, the deadline for an opposing party (here, the Plaintiff) to request such hearing must be presented **no later than the deadline for filing their opposing brief.**  See Ne.Civ.R. 7.1(d).  In this case, the deadline for Plaintiff to file the brief was July 10, 2018, when Plaintiff filed her opposition to Defendant's Motion to Dismiss.

2

Second, the Defendant also requests that this Court strike the Declaration of Melanie Davis as this evidence should also have been submitted at the time Plaintiff filed her opposition to Defendant's Motion to Dismiss.  Pursuant to Ne.Civ.R. 7.1(c), once a motion has been fully brief by both sides, "**no party may file further briefs or evidence without the court's leave**."  Furthermore, a motion is deemed to be submitted on the briefs and any evidence that is filed within the time limit specified in Rule 7.1(c) expires.  See Ne.Civ.R. 7.1(f).  Plaintiff attempts to submits her declaration due to Defendant's alleged "newly raised suggestion" that she does not have an intent to return to the premises at issue.  (Document 37, ¶ 2.)  A simple review of Defendant's Motion to Dismiss, however, shows that Defendant addressed this issue.  (Document 29, pp. 14-15.)  Plaintiff should have submitted her declaration at the time she filed her opposition on July 10, 2018.

Accordingly, Ne.Civ.R. 7.1 explicitly prohibits Plaintiff from filing the instant brief on the Motion for Evidentiary Hearing and Oral Argument and from filing a declaration out of time, without leave of this Court. As such, Plaintiff's Reply Brief and Declaration should be stricken from the record.

## II. CONCLUSION

Based on the aforementioned, Defendant respectfully requests that this Court grant Defendant's motion and strike Documents 36 and 37 from the record as impermissible pursuant by to Ne.Civ.R. 7.1.

Dated this 31st day of July, 2018.

                                    AK-SAR-BEN VILLAGE, L.L.C.,
                                    Defendant


                          By:     /s/ *Katherine A. McNamara*
                                  Katherine A. McNamara, #25142
                                  FRASER STRYKER, PC, LLO
                                  500 Energy Plaza
                                  409 South 17th Street
                                  Omaha, Nebraska  68102-2663
                                  402.341.6000 Facsimile: 402.341.8290
                                  kmcnamara@fraserstryker.com
                                  ATTORNEY FOR DEFENDANT


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of July, 2018, I electronically filed the foregoing with the Clerk of Court of the District of Nebraska by using the CM/ECF system, which sent notification of such filing to all parties.

Padraigin L. Browne
Browne Law LLC
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
paddy@brownelawllc.com

                                            /s/ *Katherine A. McNamara*


                                    4