IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE DAVIS, | |
| Plaintiff, | 8:18CV101 |
| vs. | |
| AK-SAR-BEN VILLAGE, L.L.C, | MEMORANDUM AND ORDER |
| Defendant. | |

**I. INTRODUCTION**

Melanie Davis is suing Ak-Sar-Ben Village, L.L.C. under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Ms. Davis alleges that Ak-Sar-Ben Village maintained a parking lot that failed to meet ADA standards. Ak-Sar-Ben Village has moved to dismiss this case for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Filing No. 28.

**II. BACKGROUND**

Melanie Davis has cerebral palsy. Filing No. 22, ¶ 10. Her cerebral palsy "substantially limits her ability to walk and stand." Filing No. 22, ¶ 10. Because it is hard for her to walk and stand, Ms. Davis uses a wheelchair. *See* Filing No. 22, ¶ 38.c.

In February 2018, Ms. Davis visited "Shoppes at Aksarben," a shopping center in Omaha. Filing No. 22, ¶ 12. When she visited Shoppes at Aksarben, Ms. Davis intended to patronize its stores but allegedly encountered several ADA violations in its parking lot. These ADA violations included: low handicap signs (Filing No. 22, ¶ 38.b), narrow access

aisles (Filing No. 22, ¶ 38.c), steep curb ramps (Filing No. 22, ¶ 38.e), and unlevel curb-ramp landings (Filing No. 22, ¶ 38.d).

On March 2, 2018, Ms. Davis sued Ak-Sar-Ben Village—the limited liability company that owns Shoppes at Aksarben. Ak-Sar-Ben Village moved to dismiss this case on May 15, 2018. Between March 2 and May 15, Ak-Sar-Ben Village tried to fix its parking lot so that it would comply with the ADA. Ak-Sar-Ben Village retained an architecture-and-engineering firm to audit Shoppes at Aksarben for ADA violations and retained a contractor to fix the ADA violations. Filing No. 30-1, ¶ 6–7. Ak-Sar-Ben Village argues that by fixing its parking lot, it vitiated Ms. Davis's standing to sue and mooted this case, divesting this Court of subject-matter jurisdiction.

### III. STANDARD OF REVIEW

Jurisdiction is a threshold issue for this Court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. See *DaimlerChrystler Corp. v. Cuno,* 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff

fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* In reviewing a pleading, the court may generally consider documents attached to it. *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 n.1. (8th Cir. 2016) (regarding mortgage and notice); *Great Plains Trust Co. v. Union Pac. R.R.*, 492 F.3d 986, 990 (8th Cir. 2007) (stating the court may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## IV. DISCUSSION

Ak-Sar-Ben Village asks the Court to dismiss this case on two jurisdictional grounds: standing and mootness. Each party has presented evidence on the two jurisdictional issues. The Court accordingly treats them as factual, not facial, attacks. The Court disagrees with Ak-Sar-Ben Village on both grounds and denies its motion to dismiss.[1]

### A. Standing

"The issue of standing involves constitutional limitations on federal court jurisdiction under Article III of the Constitution, which confines the federal courts to adjudicating actual 'cases and controversies.'" See *Potthoff v. Morin*, 245 F.3d 710, 715

---

[1] Because the Court finds for Ms. Davis on the jurisdictional question, it denies her motion for an evidentiary hearing (Filing No. 32). Because the Court denies Ms. Davis's motion for an evidentiary hearing, it denies as moot Ak-Sar-Ben Village's motion to strike (Filing No. 38).

3

(8th Cir. 2001); *Oti Kaga v. South Dakota Hous. Dev. Auth.*, 342 F.3d 871, 878 (8th Cir. 2003). To gain Article III standing, a plaintiff must satisfy three elements: "First, a party must have suffered an 'injury in fact,' an actual or imminent concrete and particularized invasion to a legally protected interest; second, the injury must be fairly traceable to the challenged action of the defendant; and third, the injury must be redressable by a favorable decision." *Jewell v. United States*, 548 F.3d 1168, 1172 (8th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Ak-Sar-Ben Village challenges the first and third elements: Injury and Redressability.

To establish an injury in fact, an ADA plaintiff must show: (1) that the architectural barriers actually injured her and (2) that she would return to the property "in the imminent future but for those barriers." *Disability Support Alliance v. Heartwood Enters.*, LLC, 885 F.3d 543, 546 (8th Cir. 2018) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)).

Courts ask these four questions when deciding whether a plaintiff intends to return to a property: (1) Does the plaintiff live near the property? (2) Has the plaintiff visited the property before? (3) Does the plaintiff definitively plan to return to the property? (4) How often does the plaintiff travel near the property? *See Brown v. Grandmother's, Inc.*, No. 4:09CV3088, 2010 WL 611002, at *6 (D. Neb. Feb. 17, 2010); *Brown v. Grand Island Mall Holdings, Ltd.*, No. 4:09CV3086, 2010 WL 489531, at *3 (D. Neb. Feb. 8, 2010); *accord Nekouee v. H.V. Real Estate Corp.*, No. 4:17 CV 1468 (JMB), 2017 WL 5010380, at *3 (E.D. Mo. Nov. 2, 2017); *Steelman v. Rib Crib No. 18*, No. 11-3433-CV-S-RED, 2012 WL 4026686, at *2 (W.D. Mo. Sept. 12, 2012).

4

Ms. Davis has shown that the architectural barriers actually injured her. When she visited Shoppes at Ak-Sar-Ben in February, she encountered barriers. Filing No. 22, ¶ 38. Those barriers made it unsafe for her to navigate Shoppes at Aksarben and prevented her from accessing that property on a full and equal basis. Filing No. 22, ¶ 38, ¶ 49.

Asking the four questions from *Brown*, Ms. Davis has also shown that she would return to Shoppes at Aksarben in the imminent future but for the barriers.

(1) Does Ms. Davis live near Shoppes at Aksarben? Ms. Davis lives in Omaha, and Shoppes at Aksarben is in Omaha. Filing No. 22, ¶ 9, ¶ 12.

(2) Has Ms. Davis visited Shoppes at Aksarben before? Ms. Davis alleges that she has tried to patronize Shoppes at Aksarben several times, but it is unclear whether she ever tried to do so before she went there in February. Filing No. 22, ¶ 12.

(3) Does Ms. Davis definitively plan to return to Shoppes at Aksarben? Ms. Davis alleges that she plans to return to "Shoppes at Aksarben" after Ak-Sar-Ben Village removes the barriers. Filing No. 22, ¶ 23. Ms. Davis says that she definitively plans to return to The Green Spot, a pet store within Shoppes at Aksarben. *See* Filing No. 37, ¶¶ 3–4, ¶ 8. Ms. Davis submits that The Green Spot is one of the nearest pet stores to her, which is significant because she has a service dog ("Chief"). Filing No. 37, ¶ 4.

Ms. Davis also submits that she has returned to Shoppes at Aksarben since filing the complaint. Filing No. 37, ¶ 4. An ADA plaintiff cannot, however, create standing by visiting the property *after suing* because courts evaluate standing by looking at the facts only as they were *when the plaintiff sued*. Steger v. Franco, Inc., 228 F.3d 889, 892 (8th

5

Cir. 2000) ("Because standing is determined as of the lawsuit's commencement, we consider the facts as they existed at that time.").

(4) How often does Ms. Davis travel near Shoppes at Aksarben? Ms. Davis submits that she visits The Green Spot once every two to three weeks but fails to say whether she visited The Green Spot so regularly before she sued Ak-Sar-Ben Village.[2]

Weighing the four factors, the Court finds that Ms. Davis has presented sufficient evidence of an injury in fact to advance past this stage of litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (holding that the evidentiary requirement to prove standing increases throughout "the successive stages of litigation" and approving "general factual allegations" at the pleading stage and "affidavit or other evidence" at the summary-judgment stage). Ms. Davis lives near Shoppes at Aksarben, alleges that she will return to Shoppes at Aksarben, and articulates a concrete reason to return to one of the stores within Shoppes at Aksarben. *Hillesheim et al v. Kaneko*, No. 8:18CV139, slip op. at 10–11 (D. Neb. Aug. 13, 2018) (finding standing where plaintiffs lived in the same city as the property and alleged they would return after the defendants fixed the property.).

Ak-Sar-Ben Village also argues that the Court cannot redress Ms. Davis's injury because it redressed the injury after Ms. Davis sued. But that goes to mootness, not standing. For standing, a court must look at the facts as they were when the plaintiff

---

[2] Other statements in the affidavit similarly leave the Court to guess whether they were true on March 2, 2018. *See* Filing No. 37, ¶ 4 ("Green Spot is among my favorite stores in Omaha. . . . I know a staff member there."). When a plaintiff submits an affidavit to establish standing, she should make it clear that her statements refer to the facts as they were when she sued.

sued. Ak-Sar-Ben Village did not try to fix the violations until after Ms. Davis sued, so its fixes cannot vitiate Ms. Davis's standing to sue.

Ak-Sar-Ben Village cites four cases to support its redressability argument. Filing No. 29 at 16. Those cases are: *Davis v. Anthony, Inc.*, No. 8:16CV140, 2016 U.S. Dist. LEXIS 182053 (D. Neb. Sept. 26, 2016) ("*Anthony, Inc.*"); *Stewart v. Popeye's Chicken*, No. 8:16CV484, 2017 WL 149959 (D. Neb. Jan. 13, 2017) ("*Popeye's Chicken*"); *Hillesheim v. Buzz Salons, LLC*, No. 16-CV-2225 (MJD/TNL), 2017 WL 3172870 (D. Minn. June 19, 2017) ("*Buzz Salons*"); and *Davis v. Queen Nelly, LLC*, No. 16-CV-2553 (PJS/SER), 2016 WL 5868066 (D. Minn. Oct. 6, 2016) ("*Queen Nelly*").

None of those cases stand for the proposition that a defendant can vitiate a plaintiff's standing by redressing the plaintiff's injury after the plaintiff sues. In the two cases where the courts addressed standing—*Popeye's Chicken* and *Queen Nelly*—the defendants redressed the injuries before the plaintiffs sued. *See Popeye's Chicken*, 2017 WL 149959, at *4 ("The evidence submitted indicates Defendants remedied the ADA violation Stewart complained of and brought the restaurant parking area into full compliance with the ADAAG before Stewart filed the 2016 Complaint."); *Queen Nelly*, 2016 WL 5868066, at *2 ("Davis's ADA claim—as it is currently pleaded—gives fair notice of only two alleged violations of the ADA, and both of those violations were remedied before Davis commenced this lawsuit."). In the two cases where the defendants remedied the violations after the plaintiffs sued—*Anthony, Inc.* and *Buzz Salons*—the courts did not address standing. *See Anthony, Inc.*, 2016 U.S. Dist. LEXIS 182053, at *8 n.1 ("Because the Court finds this case is moot, it need not consider the defendant's alternative

7

argument that Davis lacks Article III standing."); *Buzz Salons*, 2017 WL 3172870, at *7 (D. Minn. June 19, 2017) ("In relying on *Steger*, Hillesheim has conflated standing with mootness. . . . The inquiry here is not whether Hillesheim has standing to bring this lawsuit as it was in *Steger*, but whether there is anything left for the Court to address at all.").

Ms. Davis suffered an injury when she encountered barriers at Shoppes at Aksarben. When Ms. Davis sued, the Court could have redressed Ms. Davis's injury by enjoining Ak-Sar-Ben Village. Therefore, Ms. Davis has satisfied each element of standing.

**B. Mootness**

Mootness, like standing, involves constitutional limitations on federal court jurisdiction. If a dispute has become moot, it is no longer an Article III "case [or] controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). A dispute becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC*, 568 U.S. at 91. (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1992) (*per curiam*)).

When a plaintiff alleges that a defendant is doing something wrongful and asks a court to enjoin the defendant, the defendant can moot the case by halting its allegedly-wrongful behavior voluntarily. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). But only if the defendant can also show that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* This is a "formidable burden." *Id.* An ADA defendant can meet this formidable burden by making "structural changes." See *Hillesheim v. Holiday Stationstores, Inc.*,

903 F.3d 786, 791 (8th Cir. 2018) (quoting *Hickman v. Missouri*, 144 F.3d 1141, 1144 (8th Cir. 1998)).

To its credit, Ak-Sar-Ben Village made significant structural changes to its parking lot. It appears to have fixed the low handicap signs, and it at least tried to fix some of the allegedly-narrow access aisles and some of the allegedly-unlevel curb ramps. Filing No. 30-1, ¶¶ 8–9, ¶ 14.e. These changes may have remedied many of the violations Ms. Davis alleges in her complaint.[3]

But Ak-Sar-Ben Village must have fixed each alleged violation for any part of this case to be moot. This is because Ms. Davis has only one claim, an ADA claim, and seeks only one form of relief, an injunction. And courts decide mootness on each claim and each form of relief. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650–51 (2017) (explaining that courts determine standing at the claim level and at the form-of-relief level); Hillesheim, 903 F.3d at 792 (applying *Town of Chester*'s approach to standing in the context of mootness). Though Ms. Davis supports her ADA claim by alleging that Ak-Sar-Ben Village violated several different regulations, the Court will not dismiss any of those allegations as moot while other allegations are live because the Court must decide mootness at the claim level, not the factual-allegation level. Thus, if Ak-Sar-Ben Village has not fixed each alleged violation, this case is not moot.

---

[3] Ak-Sar-Ben Village argues that the photographic evidence proves that it remedied the slope and access-aisle violations. Ms. Davis disagrees. The Court can determine that the case is not moot without resolving those factual questions, and it will do so. This Court, however, once pointed to a similar dispute when holding that a case was not moot. *See Hillesheim v. Kaneko*, No. 8:18CV139, slip op. at 5–6 (D. Neb. Aug. 13, 2018).

And Ak-Sar-Ben Village has not fixed each alleged violation.  Ms. Davis alleges that three of Ak-Sar-Ben Village's curb ramps lacked level landings and thus that Ak-Sar-Ben violated ADAAG 406.4.  [Filing No. 22](), ¶ 38.d.  Ak-Sar-Ben Village did not make structural changes to any of those curb-ramp landings.  It chose, instead, to deny that its curb ramps violate the ADAAG.  It argues that the curb ramps near Qdoba and Z Wireless have level landings and that the curb ramp near the Green Spot does not need one because it is an alteration.[4]  *See* [Filing No. 29 at 10]()–11.

Thus, Ak-Sar-Ben Village did not halt all of its allegedly-wrongful behavior.  It halted some of its allegedly-wrongful behavior and argues that the rest of its allegedly-wrongful behavior is not actually-wrongful behavior.  This will not suffice to moot a case, for it does not make it absolutely clear that the allegedly-wrongful behavior could not reasonably be expected to recur.  When defendants have made this move—halting some behavior and justifying other behavior—courts have refused to call the case moot. *See* [*Hillesheim v. Kaneko*, No. 8:18CV139, slip op. at 8 (D. Neb. Aug. 13, 2018)]() (citing [*Dalton v. Simonson Station Stores, Inc.*, No. 0:17-cv-04427 (SRN/LIB), 2018 WL 2338807, at *4 (D. Minn. May 23, 2018)]()).

At the time when Ms. Davis sued, she had standing to do so. In the time since Ms. Davis sued, Ak-Sar-Ben Village has done much to fix the problems with its parking lot, but it has not done enough to moot this case.

---

[4] Ak-Sar-Ben Village could assert these arguments in a motion for summary judgment. *Accord Hillesheim v. Kaneko*, No. 8:18CV139, slip op. at 8 n.3 (D. Neb. Aug. 13, 2018).

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to dismiss, Filing No. 28, is denied.

2. Plaintiff's motion for oral argument, Filing No. 32, is denied.

3. Defendant's motion to strike, Filing No. 38, is denied.

Dated this 31st day of December 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge