IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE DAVIS, | |
| Plaintiff, | 8:18CV101 |
| vs. | |
| AK-SAR-BEN VILLAGE, L.L.C., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on Plaintiff Melanie Davis' Motion for Leave to Amend Her Complaint. ([Filing No. 60](#)). Defendant Ak-Sar-Ben Village opposes the motion. For the reasons that follow, the motion will be denied.

## FACTS

Davis filed her initial Complaint against Defendant on March 3, 2018 and after Defendant moved to dismiss for lack of subject matter jurisdiction, filed an amended complaint on June 5, 2018. (Filing Nos. 1 and 22). On June 19, 2018, Defendant filed a Motion to Dismiss arguing that by fixing its parking lot, it vitiated Davis' standing to sue and mooted this case. The motion was denied. ([Filing No. 49](#)) Defendant's answer to the Amended Complaint was filed on February 21, 2019, and a progression order was entered on March 26, 2019. Davis's motion to amend the amended complaint was filed on May 15, 2019. ([Filing No. 60](#))

## ANALYSIS

The time for filing an amended pleading as a matter of course has run ([Fed. R. Civ. P. 15(a)(1)](#)), thus, this matter is governed by [Fed. R. Civ. P. 15(a)(2)](#), which provides:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In general, courts are encouraged to allow amendments liberally. (See Shen v. Leo A. Daly Co., 222 F3d 472, 478 (8th Cir. 2000). However, the right to amend a complaint is not absolute or without limits. See Sherman v. Winco Fireworks Inc., 532 F.3d 709 (8th Cir. 2008). The Eighth Circuit Court of Appeals has discussed the circumstances under which an amendment may be denied.

> A district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (internal citations omitted), quoting Foman v. Davis, 371 U.S. 178 (1962).

The decision on whether to allow a party to amend its complaint is left to the "sound discretion of the district court." Popoalii v. Correctional Medical Services, 512 F.3d 488 at 497 (8th Cir. 2008). "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion" in denying a motion to amend. Id.

Davis asserts that "[t]he purpose of the Second Amended Complaint is to make sure Defendant is on notice of all the architectural barriers Plaintiff contends are present at the subject premises and/or to clarify Plaintiff's positions." (Filing No. 60 at CM/ECF p. 2). In support of her motion, Davis argues that this motion is timely under the Final Progression Order (Filing No. 56), her

previous complaint withstood a motion to dismiss, and if granted, the amended complaint would avoid "later conflict about what barriers are, or are not properly, before the Court." ([Filing No. 60 at CM/ECF p. 2](#)). Davis argues that the Second Amended Complaint would not necessitate a change in the progression schedule.

While timely under the court's Rule 16 case management order, Plaintiff's motion to amend must nonetheless be analyzed under Rule 15. Paragraphs 17 and 39(e) of the proposed Second Amended Complaint would add wholly new allegations that a particular ramp was too steep. ([Filing No. 60-2 at CM/ECF p. 4](#)). Paragraph 39(f) would add an allegation that "6 curb ramps near parking spaces reserved as accessible parking spaces" had ramp flares that are too steep. ([Filing No. 60-2 at CM/ECF p. 11](#)). Originally, Davis alleged she was deterred from visiting the property in the future, but she now proposes to allege that she "perceives she cannot access the premises on an equal and independent basis." ([Filing No. 60](#)-2 at CM/ECF p. 5, ¶ 24). As stated in the proposed Second Amended Complaint, Davis allegedly encountered these barriers on February 14, 2018. Plaintiff has not explained why these additional factual allegations, known by the plaintiff when she filed this lawsuit on March 2, 2018, were not included in her initial complaint.

Defendant argues that significant time and expense have been spent analyzing and addressing the issues pleaded in the Amended Complaint and it will "undoubtedly suffer unfair prejudice with the addition of these new claims." ([Filing No. 61 at CM/ECF p. 3](#)). Defendant argues that Davis proposes a new theory in paragraph 24 which may necessitate the need for additional motion practice and that the proposed amendments will impact discovery deadlines and may result in additional dispositive motions. ([Filing No. 61 at CM/ECF p. 3](#)).

This court agrees with Defendant that the allegations regarding the architectural barriers Davis allegedly encountered in February 2018 could have been set forth with specificity at the time the original complaint was filed and if overlooked then, could have been included in the Amended Complaint filed a year ago. ([Filing No. 22](#)). Raising new theories and claims at this stage of the litigation will prejudice the defendant by expanding the necessary discovery and likely necessitating additional Rule 12 motion practice, thereby disrupting case progression and unduly delaying the final resolution of this action.

Accordingly,

IT IS ORDERED that the Plaintiff's Motion for Leave to Amend Her Complaint ([Filing No. 60](#)) is denied.

Dated this 11th day of June, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge