IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELANIE DAVIS,

          Plaintiff,

vs.

AK-SAR-BEN VILLAGE, L.L.C.,

          Defendant.

8:18CV101

MEMORANDUM AND ORDER

This matter is before the Court on the objection to the magistrate's findings and recommendation, Filing No. 64. Plaintiff objects to the memorandum and order, Filing No. 63, wherein the magistrate judge determined that plaintiff's motion for leave to amend her complaint should be denied. This case arises from violations of the American With Disabilities Act, 42 U.S.C. § 12181, 3t seq. Plaintiff filed a complaint on March 3, 2018 and filed an amended complaint June 5, 2018 after defendant moved to dismiss for lack of subject matter jurisdiction. *See* Filings Nos. 1 and 22. Defendant filed a motion to dismiss on the basis that it had fixed its alleged violations, thus arguing the case is moot. The motion was denied. Filing No. 49. Defendant answered and on May 15, 2019, plaintiff filed a motion to amend her complaint. Filing No. 60. The magistrate judge denied the motion, Filing No. 63, and the plaintiff objects. Filing No. 64.

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's

order that it finds is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).  ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.")  A magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes.  *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

The magistrate judge concluded that (1) plaintiff's time for amending as a matter of course had run; and (2) Fed. R. of Civ. P. 15(2) requires leave of court.  The magistrate judge determined that the proposed second amended complaint would add new allegations regarding the depth and steepness of the ramp, finding that these additional factual allegations were not included in the previous complaints.  The magistrate judge found that such additions would impact discovery and might require additional dispositive motions.  For these reasons, the magistrate judge denied the motion to amend the complaint.

The plaintiff objects, arguing that leave should be freely given under Fed. R. Civ. P. 15(2).  To date, argues plaintiff, neither party has issued written discovery or conducted depositions.  Plaintiff's motion to amend was timely filed in accordance with the progression order in which the parties stipulated and as entered by the magistrate judge.  Plaintiff argues that permitted the amendment will not unduly expand discovery or delay the case.  Further, plaintiff argues she delayed her motion to amend as the parties discussed settlement.

Defendant argues the amendment alleged a new theory and new factual allegations.  Defendant contends it has spent significant time and expense both analyzing

2

the claims and then making structural changes to its property. *See, e.g.* Filing No. 30-1 - 30-4; 30-8; 48-1; Filing No. 49, p. 9.

The Court notes first that the plaintiff was within the deadline for moving to file an amended complaint under the progression order. Filing No. 56 at 1. The Court finds that Fed. R. Civ. P. 15 says that leave should be freely given. It does not appear that the parties have spent much time on discovery at this point in the case. Plaintiff has stated that this amendment will not unduly expand discovery or delay the case. Further, the Court determines that the amendment merely extends the allegations and violations that were originally filed in plaintiff's initial complaint. For these reasons, the Court will sustain the objections.

THEREFORE, IT IS ORDERED THAT:

1. The objection filed by the plaintiff, Filing No. 64, is sustained;
2. The memorandum and order of the magistrate judge, Filing No. 63, is overruled; and
3. The motion to amend, Filing No. 60, is granted. Plaintiff shall have 14 days from the date of this order to file her amended complaint.

Dated this 11th day of October, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge