IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELANIE DAVIS,

        Plaintiff,

vs.

AK-SAR-BEN VILLAGE, L.L.C.,

        Defendant.

8:18CV101

**AMENDED PROGRESSION ORDER**

     IT IS ORDERED that Defendant's unopposed motion to amend the final progression order ([Filing No. 77](#)) is granted. The final progression order ([Filing No. 56](#)) is amended as follows:

1) The current trial and pretrial settings in this case are to be vacated. A conference call will be held to discuss whether the case is likely to be resolved by settlement or by trial with the undersigned magistrate judge on **January 7, 2020** at **11:00 a.m.** by telephone. If by trial, potential trial dates will be discussed during the conference. In preparation for this conference, counsel must confer with their respective clients and any necessary witnesses regarding unavailable trial dates. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is December 17, 2019. Motions to compel discovery under Rules 33, 34, and 36 must be filed by December 31, 2019.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadline for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is: January 17, 2020.

4) The deposition deadline is February 7, 2020.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 5.

   b. Depositions will be limited by Rule 30(d)(1).

5) The deadline for filing motions to dismiss and motions for summary judgment is February 28, 2020.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is January 31, 2020.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 22nd day of October, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.