IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MELANIE DAVIS, | ) | CASE NO. 8:18-CV-00101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF DEFENDANT'S** |
| v. | ) | **MOTION FOR AN ORDER TO SHOW** |
| | ) | **CAUSE AND REQUEST FOR FED. R.** |
| AK-SAR-BEN VILLAGE, L.L.C., | ) | **CIV. P. 37 RELIEF** |
| | ) | |
| Defendant. | ) | |

## I.  BACKGROUND

Plaintiff is in violation of this Court's March 23, 2020 Order which instructed Plaintiff to supplement her discovery responses to Defendant's Interrogatory Nos. 19, 22, and 23, and Request for Production Nos. 4 and 5 by April 13, 2020. (Filing No. 93.) Plaintiff did not file a statement of objections to the Order.  To date, Defendant has not received any of the required supplemental discovery.  (Declaration of McNamara, Filing No. 96-1, ¶ 6).

Defendant has engaged significant time and expense in attempting to obtain these discovery responses and production from Plaintiff.  It has been nearly 9 months since the Defendant first served its discovery demands on Plaintiff, which were served on July 17, 2019. (See Filing No. 84-1, ¶ 4; Filing Nos. 84-2, 84-3; Filing No. 67.)  It has also been over 30 days since this Court's Order directing Plaintiff to provide the requested information to Defendant.

Therefore, Defendant is seeking an order of this Court requiring Plaintiff to show cause why she has failed to provide supplemental discovery responses in violation of this Court's Order.  In addition, Defendant respectfully requests that this Court enter an order granting Defendant relief pursuant to Fed. R. Civ. P. 37(b)(2) and for all other relief that this Court deems reasonable, just, and equitable.

## II.  ARGUMENT

At a minimum, the failure of the Plaintiff to comply with this Court's March 23, 2020 Order is a sufficient basis for this Court to grant Defendant's instant Motion for an

Order to Show Cause. See, e.g., Williamson v. Unifund CCR Partners, Case No. 8:08-cv-218, 2009 U.S. Dist. Lexis 8294 (D. Neb. Jan. 27, 2009) (entering, *sua sponte*, an order to show cause why defendant had failed to provide Rule 26 initial disclosures, which required plaintiff to file a motion to compel.)

Despite the fact that Defendant has no obligation under the local rules of this District to confer further with counsel regarding production of discovery that Plaintiff has been ordered by this Court to produce, counsel for Defendant contacted counsel for Plaintiff on April 19, 2020, and asked when the supplemental discovery would be produced. (Declaration of McNamara, Filing No. 96-1, ¶ 4.) Counsel for Plaintiff responded on April 21, 2020, that she has "*been having trouble getting some of the documents. I'm not sure if my client has them all.*" (Id., ¶ 5; Filing No. 96-2.)

As this Court noted in its Order, Defendant has articulated a "specific, limited category of information regarding Plaintiff's credibility: information related to past ADA litigation and any resultant monetary payments received" with respect to Defendant's discovery requests at issue. (Filing No. 93, p. 7.) This goes hand in hand with tax and financial information requested by Defendant and ordered by this Court. At the very least, Plaintiff's counsel should have responsive information in her possession if Plaintiff does not. But, it is too late for Plaintiff to make excuses why there has been no documents produced. Plaintiff is clearly in violation of this Court's Order and Defendant is respectfully requesting that this Court enter an Order providing some relief to Defendant under Fed. R. Civ. P. 37(b)(2).

Again, despite Defendant's multiple efforts to obtain these documents, which necessitated the filing of Defendant's Motion to Compel (Filing No. 82), Plaintiff has made no efforts to comply. In sum, nothing has happened since the filing of Plaintiff's Motion to Compel.

### III. CONCLUSION

Wherefore, based on the above, Defendant moves the Court for the following relief:

(1) An Order requiring Plaintiff to show cause why she has failed to comply with this Court's March 23, 2020 Order directing her to provide supplemental responses to

Defendant's Interrogatory Nos. 19, 22, and 23, and Request for Production of Documents Nos. 4 and 5 by April 13, 2020.; and,

(2) An Order granting Defendant relief pursuant to Fed. R. Civ. P. 37(b)(2), including reasonable attorney's fees, and for any other relief that this Court deems reasonable, just, and equitable.

DATED this 24th day of April, 2020.

AK-SAR-BEN VILLAGE, L.L.C.,
Defendant

By: _____
Katherine A. McNamara, #25142
FRASER STRYKER, PC, LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska 68102-2663
402.341.6000 Facsimile: 402.341.8290
kmcnamara@fraserstryker.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of April, 2020, the undersigned sent the foregoing Defendant's Brief in Support of its Motion for an Order to Show Cause and Request for Rule 37 Relief, via electronic mail, to the following:

Padraigin L. Browne
Browne Law LLC
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
paddy@brownelawllc.com

_____
Katherine A. McNamara, #25142