IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AK-SAR-BEN VILLAGE, L.L.C.,<br><br>　　　　　Defendant. | 8:18CV101<br><br>**FINDINGS, RECOMMENDATION<br>AND ORDER** |

Defendant Ak-Sar-Ben Village, L.L.C., (Ak-Sar-Ben) has filed a motion for sanctions, to include dismissal of the above-captioned action, for Plaintiff's repeated failure to comply with court ordered discovery. ([Filing No. 103](#)). For the reasons stated below, the undersigned magistrate judge recommends that the motion be granted, and the case be dismissed pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

Defendant served discovery on Plaintiff on July 17, 2019. ([Filing No. 84-2](#); [Filing No. 84-3](#)). During a conference call held on January 7, 2020, counsel for both parties advised that they disagreed on the scope of relevant discovery and that both parties were claiming the opposing party had not responded to relevant and proportional discovery requests. The parties explained their respective positions on the discovery disputes, but the disputes could not be resolved without formal motion practice. The court set a deadline of January 24, 2020 for filing motions to compel. ([Filing No. 80](#)).

The parties' motions to compel were timely filed. (Filing No. 82; Filing No. 85). As to the discovery relevant to the pending motion, Defendant's unanswered discovery requests were aimed at obtaining information regarding any remuneration Plaintiff was receiving for filing ADA lawsuits. The undersigned magistrate judge ruled on the motions on March 23, 2020, (Filing No. 93). I granted Defendant's motion, in part, reasoning:

> If Plaintiff has previously received financial incentive to file ADA claims, that information could be properly used to undermine her assertion that this case was filed because she wants to return to the Property—a question that goes to the heart of standing. Should Defendant's discovery requests unearth facts the Plaintiff believes are unduly prejudicial, irrelevant, or the like, she is free to move in limine to exclude any information she believes is inadmissible under the federal evidentiary rules.

(Filing No. 93, at CM/ECF p. 8). The court ordered:

> Defendant's Motion to Compel (Filing No. 82) is granted in part and denied in part, as outlined herein. On or before April 13, 2020, Plaintiff will provide Defendant with supplemental responses to Interrogatory Nos. 19, 22, and 23, and Requests for Production Nos. 4 and 5.

(Filing No. 93, at CM/ECF p. 18).  Plaintiff did not appeal the order.

On April 24, 2020, Defendant filed a motion to show cause and request for sanctions. The motion stated:

> [Plaintiff] has failed to comply with this Court's Order of March 23, 2020, (Filing No. 93), directing Plaintiff to produce supplemental responses to Defendant's Interrogatory Nos. 19, 22, and 23, and Request for Production of Documents Nos. 4 and 5 by April 13, 2020. As of the date of this filing, Plaintiff has failed to provide any of the supplemental responses to Defendant, in violation of this Court's Order.

(Filing No. 94, at CM/ECF p. 1). The court held a conference call on the issue on April 27, 2020. "Based on that discussion, (see filing 98), on or before May 19, 2020, either the parties shall notify the court that the motion is now fully resolved, or the plaintiff shall file her response to the motion." (Filing No. 99).

Plaintiff filed a declaration on May 21, 2020. After reviewing the declaration, on June 23, 2020, the court entered an order granting Defendant's motion to compel and for sanctions. The court ordered:

1) Defendant's Motion for a Show Cause Order and for Rule 37 Relief, (Filing No. 94), is granted.

2) On or before July 7, 2020, Plaintiff shall fully answer her delinquent discovery as outlined in this order.

   a. As to the interrogatories, she shall provide full and complete answers that are signed under oath before a notary public. If she is stating she received no income or money for any ADA case listed, she shall specifically state as such in her response to Interrogatory No. 22. Answering that no documents exist which show any income received and/or reported to the IRS is not a full and complete answer to the question. If she is referencing documents as responsive to any interrogatory, she must specifically identify those documents.

   b. As to the requests for production, she must type out the request she is answering and in response, list and attach any responsive documents. If she has no responsive documents, she must explain all efforts she made to locate or obtain responsive documents, including the names of all persons or entities contacted. If she is stating that responsive documents never existed, she must specifically state that in response to the production request. Plaintiff's responses to the requests for production at issue must be signed under oath before a notary public.

3) Plaintiff shall file of record, no later than July 10, 2020, a declaration or other form of sworn testimony that indicates she

> has complied with this order and which attaches as exhibits the supplemental responses provided to Defendant. Failure to do so will result in the court's reevaluation of the appropriate scope of Rule 37 sanctions to be levied against Plaintiff.

(Filing No. 102, at CM/ECF p. 10). The court also granted Defendant's request for attorney fees. Plaintiff did not appeal the order.

And she did not comply with it. Defendant has now moved to dismiss this case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), and for an award of the attorney fees incurred for filing the motion. (Filing No. 103). Defense counsel's declaration, filed on July 16, 2020, states:

> 8. As of the date of this Declaration, Defendant has not received supplemental discovery from Plaintiff, as directed by this Court's Orders at Filing Nos. 93 and 102.
>
> 9. Defendant has been and will continue to be prejudiced in that it cannot adequately prepare its claims and defenses in this case without the discovery that Plaintiff has been ordered by the Court to produce.

(Filing No. 105).

Plaintiff has not responded to the pending Rule 37 motion seeking dismissal and attorney fees, and the deadline for doing so has passed. The motion is deemed fully submitted.

## ANALYSIS

Under Federal Rule of Civil Procedure 37(b)(2)(A), a district court may impose sanctions for discovery violations, including dismissal of the action in whole or in part. Because dismissal is an extreme result, a sanction of dismissal can be entered only if there is: (1) an order compelling discovery; (2) a willful

violation of that order; and (3) prejudice to the other party. Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir.2000) (citing Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir.2000)). The court must decide whether the sanction imposed is just and specifically related to the claim at issue. Baker v. General Motors Corp., 86 F.3d 811, 817 (8th Cir.1996), rev'd on other grounds, 522 U.S. 222 (1998). The court must also consider whether a lesser sanction than dismissal is available or appropriate, but it is not required to impose the least onerous sanction. When a litigant's conduct abuses the judicial process, the remedy of dismissal is within the inherent power of the court. Keefer, 238 F.3d at 941.

This court has entered two orders requiring Plaintiff's answers and responses to discovery, reasoning the requested information is relevant to the core issue of Plaintiff's standing. Plaintiff has willfully disobeyed two written orders, and she has not even responded to the current Rule 37 motion requesting dismissal. Plaintiff's delays and stonewalling are prejudicial to the defendant, which is seeking closure of this litigation and along with that, the ability to curtail the further expenditure of fees. Ak-Sar-Ben's unanswered discovery was served over a year ago, and this case was filed nearly two and one-half years ago. Yet, the court still cannot set it for trial because Defendant needs the requested and ordered discovery to prepare its defense. Moreover, Plaintiff's refusal to respond has unduly consumed court resources: The undersigned magistrate judge has invested substantial time and effort in conferring with the parties, reading and analyzing Defendant's motions and related submissions, and entering orders, all in an effort to prod Plaintiff's compliance with those orders. Those efforts have not worked, and as of late, have not even prompted an acknowledgement or response.

I have considered lesser sanctions. I awarded attorney fees to Defendant in my order entered on June 23, 2020. But despite an attorney fee sanction, Plaintiff did not comply with that order. Striking Plaintiff's evidence as to standing—the issue addressed by Defendant's unanswered discovery (see, Fed.R.Civ.P. 37 (b)(2)(A)(ii))—is not really a lesser sanction because it would also result in dismissal of Plaintiff's claims. Staying the proceedings (see, Fed.R.Civ.P. 37 (b)(2)(A)(iv)) would effectively sanction the defendant, not the plaintiff, by further delaying this case. And an order of contempt (see, Fed.R.Civ.P. 37 (b)(2)(A)(vii)) will promote even more litigation, but it is not geared toward, and is not likely to prompt, obtaining responses to discovery. Based on the case history, a contempt order will not push this case to resolution.

I therefore find that dismissal, along with an award of attorney fees for bringing the current motion, is appropriate. Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Joseph F. Bataillon, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's Second Motion for Fed. R. Civ. P. 37 Relief (Filing No. 103) be granted, and that this case be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

The plaintiff is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) Defendant's request for attorney fees is granted, and Defendant is entitled reimbursement for its attorney's fees and expenses incurred

       in preparing its Second Motion for Fed. R. Civ. P. 37 Relief (Filing No. 103).

2) On or before August 17, 2020, Defendant shall submit an itemized billing statement of its fees to Plaintiff.

3) Plaintiff's counsel shall respond to this itemization within ten days thereafter.

4) If the parties agree as to the amount to be awarded, on or before September 1, 2020, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendant.

5) If the parties do not agree on the attorney fees and costs to be awarded, or if Plaintiff does not timely respond to Defendant's itemization and demand, Defendant shall file a motion for assessment of attorney fees and costs by no later than September 15, 2020. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

6) If a motion for fees is required, the court may award Defendant up to an additional $1000.00 to recover the cost of preparing its motion for assessment of fees.

Dated this 3rd day of August, 2020.

                                BY THE COURT:

                                *s/ Cheryl R. Zwart*
                                United States Magistrate Judge