IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE DAVIS,<br><br>   Plaintiff,<br><br>vs.<br><br>AK-SAR-BEN VILLAGE, L.L.C.,<br><br>   Defendant. | 8:18CV101<br><br><br>**CERTIFICATION OF THE FACTS OF CONTEMPT<br>AND<br>NOTICE OF HEARING** |

On September 21, 2020, the undersigned magistrate judge granted Defendant's motion for assessment of attorney fees and costs. (Filing No. 109). The court ordered Plaintiff to reimburse Defendant for its fees and costs in the total amount of $6,792.00, and Plaintiff was given until October 5, 2020 to remit the amount ordered. (Filing No. 109 at CM/ECF p. 2). Given Plaintiff's repeated failure to comply with court orders in this matter, she was further ordered to file of record, no later than October 7, 2020, a sworn statement indicating that she had paid the attorney fees awarded to Defendant. (Id). The court warned Plaintiff that if she again failed to comply with the court's directives, the matter would be set for contempt proceedings. (Id). She failed to file the sworn statement as directed. The court has confirmed that the attorney fees have not been paid. Plaintiff has chosen, for at least the fourth time in this case, to ignore court orders without any explanation.

FACTS

As this is the latest of several orders detailing Plaintiff's noncompliance, the court has previously and extensively outlined Plaintiff's transgressions in previous orders. However, because the undersigned will now take the additional measure

of recommending a contempt finding, the facts are repeated here for proper certification of the issue to Senior United States District Judge Joseph F. Bataillon.

The contempt authority of the federal magistrate judges is outlined in 28 U.S.C. § 636(e). If a magistrate judge believes an instance of contempt has occurred in a civil case referred to that magistrate judge for management of pretrial matters, the magistrate may

> forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). In accordance with my authority under 28 U.S.C. § 636(e)(6)(B)(iii), I certify the following facts:

Defendant served discovery on Plaintiff on July 17, 2019. (Filing Nos. 84-2 and 84-3). During a conference call held on January 7, 2020, counsel for both parties advised that they disagreed on the scope of relevant discovery and that both parties were claiming the opposing party had not responded to relevant and proportional discovery requests. The parties explained their respective positions on the discovery disputes, but the disputes could not be resolved without formal motion practice. The court set a deadline of January 24, 2020 for filing motions to compel. (Filing No. 80).

The parties' motions to compel were timely filed. (Filing Nos. 82 and 85). Relevant to Defendant's motion, Defendant's unanswered discovery requests

were aimed at obtaining information regarding any remuneration Plaintiff was receiving for filing ADA lawsuits. The undersigned magistrate judge ruled on the motions on March 23, 2020, (Filing No. 93), and granted Defendant's motion, in part. The undersigned magistrate judge reasoned:

> If Plaintiff has previously received financial incentive to file ADA claims, that information could be properly used to undermine her assertion that this case was filed because she wants to return to the Property—a question that goes to the heart of standing. Should Defendant's discovery requests unearth facts the Plaintiff believes are unduly prejudicial, irrelevant, or the like, she is free to move in limine to exclude any information she believes is inadmissible under the federal evidentiary rules.

(Filing No. 93 at CM/ECF p. 8). The court ordered:

> Defendant's Motion to Compel (Filing No. 82) is granted in part and denied in part, as outlined herein. On or before April 13, 2020, Plaintiff will provide Defendant with supplemental responses to Interrogatory Nos. 19, 22, and 23, and Requests for Production Nos. 4 and 5.

(Filing No. 93 at CM/ECF p. 18). Plaintiff did not appeal the order compelling the above discovery.

On April 24, 2020, Defendant filed a motion to show cause and request for sanctions. The motion stated:

> [Plaintiff] has failed to comply with this Court's Order of March 23, 2020, (Filing No. 93), directing Plaintiff to produce supplemental responses to Defendant's Interrogatory Nos. 19, 22, and 23, and Request for Production of Documents Nos. 4 and 5 by April 13, 2020. As of the date of this filing, Plaintiff has failed to provide any of the supplemental responses to Defendant, in violation of this Court's Order.

The court held a conference call on the issue on April 27, 2020. Based on that discussion, (see filing 98), the court held that "on or before May 19, 2020,

either the parties shall notify the court that the motion is now fully resolved, or the plaintiff shall file her response to the motion." (Filing No. 99) (text order).

Plaintiff filed a declaration on May 21, 2020. (Filing No. 101). After reviewing the declaration, on June 23, 2020, the court entered an order granting Defendant's motion to compel and for sanctions.

The court ordered:

1) Defendant's Motion for a Show Cause Order and for Rule 37 Relief, (Filing No. 94), is granted.

2) On or before July 7, 2020, Plaintiff shall fully answer her delinquent discovery as outlined in this order.

   a. As to the interrogatories, she shall provide full and complete answers that are signed under oath before a notary public. If she is stating she received no income or money for any ADA case listed, she shall specifically state as such in her response to Interrogatory No. 22. Answering that no documents exist which show any income received and/or reported to the IRS is not a full and complete answer to the question. If she is referencing documents as responsive to any interrogatory, she must specifically identify those documents.

   b. As to the requests for production, she must type out the request she is answering and in response, list and attach any responsive documents. If she has no responsive documents, she must explain all efforts she made to locate or obtain responsive documents, including the names of all persons or entities contacted. If she is stating that responsive documents never existed, she must specifically state that in response to the production request. Plaintiff's responses to the requests for production at issue must be signed under oath before a notary public.

3) Plaintiff shall file of record, no later than July 10, 2020, a declaration or other form of sworn testimony that indicates she has complied with this order and which attaches as exhibits the supplemental responses provided to Defendant. Failure to do

      so will result in the court's reevaluation of the appropriate scope of Rule 37 sanctions to be levied against Plaintiff.

(Filing No. 102 at CM/ECF p. 10).

In light of Plaintiff's failure to comply with this court's discovery orders, the court also granted Defendant's request for attorney fees pursuant to Fed. R. Civ. P. 37(b)(2)(C). Plaintiff did not appeal that order, but she also did not comply with it. She has provided no explanation for her failure to provide the ordered discovery or her failure to pay the fees and costs as ordered.

Defendant then moved to dismiss this case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), and for an award of the additional attorney fees incurred for filing the motion. (Filing No. 103). Defense counsel's declaration, filed on July 16, 2020, states:

> 8. As of the date of this Declaration, Defendant has not received supplemental discovery from Plaintiff, as directed by this Court's Orders at Filing Nos. 93 and 102.
>
> 9. Defendant has been and will continue to be prejudiced in that it cannot adequately prepare its claims and defenses in this case without the discovery that Plaintiff has been ordered by the Court to produce.

(Filing No. 105).

Plaintiff did not respond to the Rule 37 motion seeking dismissal and attorney fees. The undersigned reviewed the motion and applicable law, and after considering whether lesser sanctions were warranted, recommended dismissal of this case. Judge Bataillon adopted the findings and recommendation on September 18, 2020 and ordered that this case be dismissed pursuant Fed. R.

Civ. P. 37(b)(2)(A)(v). It is worth noting that at any time, up to and including the filing of Defendant's motion for dismissal, Plaintiff was free to move the court to voluntarily dismiss her case. However, instead of taking any proactive measure, she has forced Defendant to continue litigating and the court to rule on issues in a case Plaintiff appears to have no interest in prosecuting. And she has done so without the courtesy of a response to either the defendant or this court in nearly 150 days.

Separate from its request for dismissal, Defendant also moved the court for an order awarding Defendant its attorney fees and costs in the full amount it demanded. (Filing No. 107). After fees and costs were originally awarded, the court ordered that Defendant submit to Plaintiff an itemization of its fees by July 23, 2020. Plaintiff was given ten days after receipt of the itemization to respond. Defendant provided the itemization as directed but Plaintiff failed to respond. (Filing No. 107-1 at CM/ECF p. 3). In order to receive the reimbursement ordered by this court, Defendant was therefore required to file a motion for assessment of fees and costs. So, yet again, Plaintiff ignored a clear judicial directive with the result of creating additional (and arguably unnecessary) motion practice for Defendant and the court.

Upon evaluation of Defendant's unopposed motion and evidence, the court ordered Plaintiff to reimburse Defendant in the total amount of $6,792.00. The court's order required Plaintiff to file a sworn statement by October 7, 2020, indicating her compliance with the order assessing fees and costs. She did not do so. The court reached out to the parties on October 16, 2020 to determine whether Plaintiff had contacted Defendant related to the costs and fees issue. Defendant's counsel informed the court that Plaintiff has not paid Defendant any of the amount ordered. Plaintiff did not respond to the court's email inquiry. See Attachment 1 (email correspondence).

To summarize, Plaintiff has not only abandoned this case but refused to comply with court orders. Apart from a single declaration filed in May 21, 2020, she has not responded to a defense motion or court order since March 23, 2020. In the meantime, Defendant has been forced to file motion after motion in order to obtain the relief this court has repeatedly granted it. Because other sanctions appear not to invoke any response from Plaintiff, the undersigned recommends that this court evaluate whether Plaintiff should be held in contempt of court for her blatant disregard of court orders, based on the facts as certified herein.

Accordingly, IT IS ORDERED, pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), that Plaintiff shall appear and show cause why she should not be adjudged in contempt by reason of the facts so certified hereinabove. A hearing on Plaintiff's contempt of court will be held before Senior United States District Judge Joseph F. Bataillon, in Courtroom 3, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 2:00 p.m. on **October 29, 2020.**

Dated this 21st day of October, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge